# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDO JAIMES-MARTINEZ,<br><br>Defendant. | No. CR 15-4075-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE**<br><br>***FILED UNDER SEAL***|

_____

This case, involving a charge of "being a removed alien found in the United States," pursuant to 8 U.S.C. §§ 1326(a) and (b)(1), is before me on defendant Fernando Jamies-Martinez's March 29, 2016, Motion In Limine (docket no. 30). In his Motion, Jaimes-Martinez seeks an order excluding evidence of his criminal history, any gang affiliation and activities, and his disciplinary record in prison and jail. He contends that none of this evidence is admissible for a proper purpose under Rule 404(b) of the Federal Rules of Evidence and that any probative value it might have is outweighed by the risk of unfair prejudice. He also contends that such evidence is inadmissible for impeachment purposes, pursuant to Rule 609, because he was released from prison on many of the offenses more than ten years ago, and because the evidence in question is more prejudicial than probative. He argues, in the alternative, that evidence that his criminal history made him amenable to deportation is sufficient and that any impeachment should be limited to the fact of felony convictions, without elucidation of the nature of any of the offenses.

In its Response (docket no. 43), filed April 4, 2016, the prosecution agrees that only limited use of Jaimes-Martinez's criminal background is appropriate, without going into the nature of his prior offenses. The prosecution points out that Jaimes-Martinez's

criminal history explains why immigration officials endeavored to deport him, so that the prosecution should be allowed to elicit testimony that his criminal history made him amenable to deportation. The prosecution also specifically agrees that Jaimes-Martinez's gang affiliation and activities and his disciplinary record in prison and jail will not be presented in its case in chief. The prosecution "cannot concede," however, that evidence of prior convictions will not be admissible for impeachment purposes or other purposes, or that the nature of those convictions will not be admissible, depending upon the nature of Jaimes-Martinez's testimony. The prosecution suggests that any such admissibility issues that arise during trial should be raised outside the presence of the jury.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," FED. R. EVID. 404(b)(1), but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). The prosecution has not asserted that there is any proper purpose under Rule 404(b) for the admission of evidence of any of Jaimes-Martinez's prior convictions. The prosecution appears to argue that the fact of Jaimes-Martinez's prior convictions provided reasons for deporting him, such that it is "intrinsic" evidence. Rule 404(b) does not apply to "*res gestae*" or "intrinsic" evidence, which "is 'evidence of wrongful conduct other than the conduct at issue . . . offered for the purpose of providing the context in which the charged crime occurred.'" *See, e.g., United States v. Campbell*, 764 F.3d 880, 888 (8th Cir. 2014) (quoting *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006)); *United States v. Thomas*, 760 F.3d 879, 883 (8th Cir. 2014) (explaining that "'Rule 404(b) applies only to extrinsic, not intrinsic, evidence.'" (quoting *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014)). Nevertheless, there are several reasons that an alien may be removed or deported, aside from felony convictions, and what is relevant, here, is not the *reason for* but the *fact of* prior removal or deportation. *See, e.g., United States v. Fajardo-Fajardo*, 594 F.3d

1005, 1008 (8th Cir. 2010) ("In order to show a violation of 8 U.S.C. § 1326(a), the Government must establish: (1) the defendant is an alien; (2*) the defendant was previously* denied admission, excluded, *removed, or deported from the United States* or departed the United States while an order of exclusion, deportation, or removal was outstanding; (3) the defendant knowingly entered or was found in the United States; and (4) the defendant did not receive the consent of the Attorney General of the United States before March 1, 2003 or the Secretary of Homeland Security after February 28, 2003, to apply for readmission to the United States since the time of the defendant's deportation." (emphasis added) (citing 8 U.S.C. § 1326(a)). Furthermore, the fact and the nature of the prior convictions is substantially more prejudicial than probative. *See* FED. R. EVID. 403. Thus, the part of Jaimes-Martinez's Motion seeking exclusion of evidence of his prior convictions pursuant to Rule 404(b) is granted, and the prosecution will not be allowed to explain, in its case in chief, that the reason for Jaimes-Martinez's removal or deportation was any particular offense or any unidentified felony convictions, only that Jaimes-Martinez was lawfully removed or deported.

As to admissibility for impeachment purposes, if Jaimes-Martinez testifies, Rule 609 provides, in pertinent part, that evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." FED. R. EVID. 609(a)(1)(B). However, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the evidence must be more probative than prejudicial, and the proponent of the evidence must give the opposing party written notice, and the opposing party must have "a fair opportunity to contest its use." FED. R. EVID. 609(b). Rule 609 reflects "'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (quoting *United States v. Chauncey*, 420 F.3d 864, 874

3

(8th Cir. 2005)). The probative value of any of Jaimes-Martinez's prior convictions, for impeachment purposes, however, is that they are *felonies*, not the *nature* of the offenses. Also, the potential for prejudice, if any, can be removed by using a limiting instruction, *at the time such evidence is offered*, explaining the proper impeachment purpose for which such evidence can be used. FED. R. EVID. 105; *Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 982 (8th Cir. 2014) ("To the extent [the parties] were concerned about improper prejudice, a limiting instruction would have addressed those concerns." (citing FED. R. EVID. 105)); *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) ("Moreover, the risk of unfair prejudice was reduced by a cautionary instruction to the jury, given when the evidence was first admitted."). Thus, the part of Jaimes-Martinez's Motion seeking exclusion of evidence of prior convictions for impeachment purposes is granted to the extent that, if he testifies, the prosecution may only offer evidence that he has one or more felony convictions, but not the nature of any such convictions.

One consequence of this ruling is that I will remove from the jury instructions the instruction I had previously proposed concerning a defendant's prior convictions. Instead, I will give an appropriate oral limiting instruction on the use of a defendant's prior convictions for impeachment purposes, if Jaimes-Martinez testifies, at the time the issue arises.

I agree with the parties that any evidence of Jaimes-Martinez's gang affiliation and activities and his disciplinary record in prison and jail are inadmissible pursuant to Rules 404(b) and 403 as substantially more prejudicial than probative. Such evidence will not be admissible in the prosecution's case in chief.

If the prosecution believes that the defendant has "opened the door," during trial, to any of the evidence at issue in his Motion In Limine, for impeachment or other purposes, the prosecution shall bring that to my attention outside the presence of the jury before attempting to admit any such evidence.

THEREFORE, defendant Fernando Jamies-Martinez's March 29, 2016, Motion In Limine (docket no. 30) is **granted**, as follows:

1. The part of Jaimes-Martinez's Motion seeking exclusion of evidence of his prior convictions pursuant to Rule 404(b) is **granted**, and the prosecution will not be allowed to explain that the reason for Jaimes-Martinez's removal or deportation was any particular offense or any unidentified felony convictions, only that Jaimes-Martinez was lawfully removed or deported;

2. The part of Jaimes-Martinez's Motion seeking exclusion of evidence of prior convictions for impeachment purposes, if he testifies, is **granted** to the extent that the prosecution may only offer evidence that he has one or more felony convictions, but not the nature of any such convictions;

3. The part of Jaimes-Martinez's Motion seeking exclusion of any evidence of his gang affiliation and activities and his disciplinary record in prison and jail is **granted**; and

4. The prosecution may seek a ruling on the admissibility of any of the evidence at issue in Jaimes-Martinez's Motion In Limine, outside the presence of the jury, if it believes that he has "opened the door" to such evidence during trial.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 5th day of April, 2016.

_Mark W. Bennett_
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA